IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. _____

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA COX CRAWFORD, SETH R. BERKY, individually and as administrator of the ESTATE OF ZOLTAN TIBOR BERKY, BRANDY B. SHEWCOW, MATTHEW Z. BERKY, HANNAH B. DAVIS, and MAGGIE B. DAVIS<br><br>    Defendants. | **COMPLAINT IN INTERPLEADER** |

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") files this Complaint in Interpleader and states as follows:

**Parties**

1. Genworth is a corporation organized under Virginia law with its principal place of business in Richmond, Virginia. Genworth is authorized to do business in North Carolina.

2. On information and belief, Defendant Patricia Cox Crawford ("Patricia") is the surviving "Friend" of Zoltan Tibor Berky ("the Decedent") and is a citizen and resident of Asheboro, North Carolina. Patricia is subject to the jurisdiction of this Court.

3. On information and belief, Defendant Seth R. Berky ("Seth") is the surviving son of the Decedent and is a citizen and resident of Thomasville, North Carolina. Seth is subject to the jurisdiction of this Court.

4. On information and belief, Seth is the administrator of the Estate of Zoltan Tibor Berky ("the Estate") pursuant to Letters of Administration issues by the Davidson County Superior Court. The Estate is subject to the jurisdiction of this Court.

5. On information and belief, Defendant Brandy B. Shewcow ("Brandy") is the surviving stepdaughter of the Decedent and is a citizen and resident of Thomasville, North Carolina. Brandy is subject to the jurisdiction of this Court.

6. On information and belief, Defendant Matthew Z. Berky ("Matthew") is the surviving son of the Decedent and is a citizen and resident of Thomasville, North Carolina. Matthew is subject to the jurisdiction of this Court.

7. On information and belief, Defendant Hannah B. Davis ("Hannah") is the surviving daughter of the Decedent and is a citizen and resident of Thomasville, North Carolina. Hannah is subject to the jurisdiction of this Court.

8. On information and belief, Defendant Maggie B. Davis ("Maggie") is the surviving daughter of the Decedent and is a citizen and resident of Thomasville, North Carolina. Maggie is subject to the jurisdiction of this Court.

**Jurisdiction and Venue**

9. This Court has jurisdiction under 28 U.S.C. § 1335 because there are two or more adverse claimants of diverse citizenship and Genworth has in its possession life insurance proceeds with a value of more than $500.

10. Further, this Court has jurisdiction under 28 U.S.C. § 1332 and Fed. R. Civ. P. 22 because this is an interpleader action in which: (a) Genworth and the Defendants are citizens of different states, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper under 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) because some or all of the Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

**Facts**

12. Genworth issued Policy Number J196559 ("the Policy"), a Flexible Premium Adjustable Life Insurance policy, to the Decedent with a Date of Issue and Policy Date of September 6, 2011, and an Amount of Insurance of $1,000,000. A duplicate copy of the Policy and the Application (attached and incorporated into the Policy) is attached as **Exhibit A**.

13. In SECTION 3 of the Application, entitled BENEFICIARY and dated August 19, 2011, the Decedent wrote "See enclosed sheet." The "enclosed sheet" designated the Decedent's Primary beneficiary as Deborah R. Berky, Spouse, 100% and Contingent beneficiaries as follows: Brandy Berky Shewcow, Child, 20%; Maggie E.

Berky, Child, 20%; Hannah E. Berky, Child, 20%; Seth R. Berky, Child, 20%; and Matthew Z. Berky, Child, 20%.

14. On a form entitled "**Beneficiary designation request for life insurance policies**" dated July 16, 2019 ("the 2019 Beneficiary Designation"), the Decedent designated his primary beneficiaries as follows: Peter Gabor Berky, Brother, 50% and Patricia Cox Crawford, Family Friend 50%. A copy of the 2019 Beneficiary Designation is attached as **Exhibit B**.

15. Genworth confirmed the change of beneficiary designation by letter dated July 29, 2019, a copy of which is attached as **Exhibit C**.

16. Genworth received an additional "**Beneficiary designation request for life insurance policies**" form dated October 14, 2021 ("the 2021 Beneficiary Designation"), which designated the following primary beneficiary: Patricia Cox Crawford, Friend, 100%. A copy of the 2021 Beneficiary Designation is attached as **Exhibit D**.

17. Genworth confirmed the change of beneficiary designation by letter dated October 19, 2021, a copy of which is attached as **Exhibit E**.

18. The Decedent passed away on January 8, 2024. A certified copy of the Decedent's Certificate of Death is attached as **Exhibit F**.

19. At the time of his death, the Decedent had a total of $1,000,000 in life insurance proceeds payable under the Policy ("the Proceeds").

20. Chris Ward, the Policy agent, notified Genworth of the Decedent's death by telephone on January 12, 2024.

21. By letter dated January 18, 2024, Genworth notified Patricia that she was the beneficiary of the Policy and notified her of the documentation required to process a claim for the Proceeds. A copy of the January 18, 2024, letter is attached as **Exhibit G**.

22. By letter dated January 21, 2024, W. Kirk Sanders, attorney for Seth, as administrator of the Estate, informed Genworth that Decedent "died under suspicious circumstances" and his death was "still under investigation by local law enforcement." The letter further stated there was "suspected criminal activity" and if "his death was caused by a beneficiary of an account, then the slayer statute would prevent an inheritance." The letter concluded by stating:

> On behalf of the children of Zoltan Berky, the Estate, by and through its Administrator, Seth Berky, you are not to disburse any funds from the accounts of Zoltan T. Berky, his trusts, his business accounts, or his assigns until you receive further notice from the Administrator of the Clerk of Court of Davidson County. This includes any further transfers, payments, or assignments.

A copy of the January 21, 2024, letter is attached as **Exhibit H.**

23. By letter dated January 24, 2024, W. Kirk Sanders requested the State Bureau of Investigation perform a further investigation into the circumstances and cause of the Decedent's death. A copy of the January 24, 2024, letter is attached as **Exhibit I**.

24. Genworth sent Patricia "**Claim follow up**" letters dated February 12, 2024; March 13, 2024; April 11, 2024; and May 10, 2024 notifying her that Genworth had not

5

received the necessary requirements for processing the claim. Copies of the letters are attached as **Exhibit J**.

25. By telephone call on April 18, 2024, Patricia, along with her attorney, Ben Morgan, called Genworth and advised they were still waiting for a death certificate to be issued.

26. By telephone call on May 15, 2024, Genworth spoke to a representative of the Medical Examiner's office of Davidson County who stated the Decedent's manner and cause of death of the was accidental environmental death, and no foul play was involved. An incomplete copy of the Report of Investigation by Medical Examiner was submitted to Genworth along with a copy of the Decedent's Autopsy Report dated February 21, 2024. Copies of these documents are collectively attached as **Exhibit K**.

27. By telephone call on May 16, 2024, Maggie informed Genworth that she and the Decedent's family were pursuing a further investigation into the Decedent's death. She requested the Genworth not issue payment of the Proceeds.

28. Patricia completed a Proof of Loss Claimant Statement – Life Insurance form ("the Claim Form") dated June 7, 2024, and submitted it to Genworth along with a certified copy of the Death Certificate. A copy of the Claim Form is attached as **Exhibit L**.

## Cause of Action in Interpleader

29. Genworth adopts and incorporates by reference Paragraphs 1 through 28 above as if set forth herein verbatim.

30. At this time, Genworth cannot safely determine the issues surrounding the Decedent's death and therefore cannot safely determine which of the Defendants the Proceeds are payable to and/or in what amounts.

31. Genworth is therefore subject to potential multiple litigation and/or liability with respect to the Proceeds.

32. Due to the outstanding issues surrounding potential further investigation into the Decedent's death, Genworth has been unable to issue prompt payment of the Proceeds in accordance with its obligations under the Policy.

33. As a mere stakeholder, Genworth has no interest in the Proceeds (except to recover its attorney's fees and costs of this action).

34. Genworth therefore respectfully requests that this Court allow this interpleader action to proceed, and to determine to whom the Proceeds should be paid and in what amount(s).

35. Genworth is ready, willing, and able to pay the Proceeds in accordance with the terms of the Policy, in such amounts and to whichever Defendant(s) the Court shall designate.

36. Genworth will deposit into the Registry of the Court the Proceeds, plus any applicable interest due and owing under the terms of the Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Genworth requests that this Court enter judgment as follows:

(a) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against Genworth for the recovery of the Proceeds, plus any applicable interest, by reason of the death of the Decedent;

(b) Requiring that Defendants litigate or settle and agree between themselves their claims for the Proceeds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Proceeds, plus any applicable interest, should be paid;

(c) Permitting Genworth to pay into the Registry of the Court the Proceeds, plus any applicable interest;

(d) Dismissing Genworth with prejudice from this action and discharging Genworth from any further liability upon payment of the Proceeds, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(e) Awarding Genworth its costs and attorney's fees; and

(f) Awarding Genworth such other and further relief as this Court deems just, equitable, and proper.

*[Signature of Counsel appears on next page]*

This 24th day of June, 2024.

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
One West Fourth Street
Winston Salem, North Carolina 27101
Telephone: (336) 721-3632
Facsimile: (336) 726-2227
Email: Sonny.Haynes@wbd-us.com

*Attorney for Genworth Life and Annuity Insurance Company*

9